IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  09-cv-00858-CMA-MEH

EBONIE S., a child, by her mother and next friend, MARY S.

       Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,
MARILYN GOLDEN, Teacher, in her official and individual capacities,
GARY TRUJILLO, Principal, in his official and individual capacities,
MARY JO BOLLINGER, Executive Director of Exceptions Student services,
in her official and individual capacities,
LOUISE RIVAS, paraprofessional, in her official and individual capacities,
SHARRON WELLS, paraprofessional, in her official and individual capacities,
ISABEL SANCHEZ, paraprofessional, in her official and individual capacities,
AUDRA MARTINEZ, paraprofessional, in her official and individual capacities, and
KRISTEN POTTER, paraprofessional, in her official and individual capacities,

       Defendants.

---

**ORDER**

---

Pending before the Court is Pueblo School District 60's Amended Motion for Protective Order [filed January 13, 2010; docket #57].  The matter is briefed and has been referred to this Court for disposition.  Oral argument would not materially assist the Court in adjudicating the motion.  For the reasons stated below, the Court **grants in part and denies in part** the Motion for Protective Order.

**I.    Background**

This case involves a developmentally disabled minor child, Ebonie S., who was a student at Bessemer Academy in Pueblo School District No. 60 (hereinafter "District") in 2006 and 2007. Based upon alleged conduct involving a restraining chair/desk in the classroom, Ebonie S. asserts

various claims for constitutional violations, including a claim under 42 U.S.C. § 1983 against the District and individual staff members for: (1) violation of the Fourth Amendment constitutional guarantee against unlawful searches and seizures; (2) violation of the constitutional right to substantive due process; (3) deprivation of liberty without due process; and (4) violation of the Equal Protection Clause of the U.S. Constitution. Ebonie also brings a claim against the District and its supervisory staff under 42 U.S.C. § 1983 for failure to train and supervise. Additionally, Ebonie S. brings claims against the Defendants for violation of Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. §§ 794 *et seq.*, and for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

In November 2009, Ebonie S. requested a half-day deposition from the District pursuant to Fed. R. Civ. P. 30(b)(6) on the following topics: "the District's formal and informal restraint practices and use of wrap around desks with locking bars; the District's construction of wrap around desks with locking bars; the purchase of wrap around desks with locking bars from third party manufacturers; the Legal Center Investigation of restraint of Ebonie S.; the District's hiring and retention practices for teachers and paraprofessionals; and issues related to each of these general topics." District Exhibit A, November 2, 2009 email from Plaintiff's counsel, docket #57-2. Through its motion, the District contends that it has diligently investigated these topics but can locate neither any documents nor an individual with knowledge about (1) the purchase of the wrap around desks and (2) the original use or purpose of the "barrel bolts" (sliding mechanism) on the

desks.[1]  Thus, the District requests a protective order shielding it from its obligation to designate a deponent having knowledge of these topics.

**II.     Discussion**

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

The good cause standard of 26(c) is not met by conclusory statements.  *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003).  Instead, "the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party."  *Id.*  (citing *Exum v. United States Olympic Comm.,* 209 F.R.D. 201, 206 (D. Colo. 2002)).  As a general rule, the "good cause" calculation requires that the Court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum,* 209 F.R.D at 206 (citations omitted).  Additionally, the Court should consider any privacy interests and whether the case implicates issues important to the public. *Id*.

---

[1]The District also argued that it could not produce a witness with knowledge regarding hiring practices from 1983; however, the parties have resolved this issue.  *See* dockets #62 and 64.

The procedure for taking an oral deposition of an organizational entity is governed by Fed. R. Civ. P. 30(b)(6) which provides in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Rule 30(b)(6) implicitly requires the designated entity representative to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. *Starlight Int'l. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan. 1999). This interpretation is necessary in order to make the deposition meaningful. *Id.*

A corporation appears vicariously through its designee. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996). The law is well-settled that corporations have an "affirmative duty" to make available as many persons as necessary to give "complete, knowledgeable, and binding answers" on the corporation's behalf. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkt. Group Inc.,* 181 F.3d 253, 268 (2d Cir. 1999)). If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Taylor*, 166 F.R.D. at 361.

Rule 30(b)(6) places the burden upon the deponent to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the

relevant subject matters. *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007) (citing *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981)). The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information. *Id.* (citing *Taylor*, 166 F.R.D. at 361).

Here, the District maintains that it is unable to designate an individual (or additional individuals) with knowledge of the original purchase of the wrap around desks and of the use or purpose of the barrel bolts on the desks.

> A.     Original Purchase of Wrap Around Desks

According to the District, the purchase of the two manufactured desks[2] it possesses likely occurred more than 20 years ago. The District contends that it has interviewed 12 people and reviewed approximately 30,000 purchase orders by hand seeking information regarding the purchase of the manufactured desks. One witness, Becky Gradishar, has been with the District for 21 years and testified that the manufactured desks were already in place at the District when she arrived, but stated that she did not know who manufactured the original desks. The desks themselves contain no identifying information as to the manufacturer of the desks.

Ebonie S. responds that the knowledge District counsel has gained through investigation regarding the desks is enough to prepare a designated witness for a Rule 30(b)(6) deposition. The

---

[2]Apparently, the District originally had information that one wrap around desk was purchased from a manufacturer, then all remaining wrap around desks were constructed in the District following the design of the manufactured desk. Since obtaining this knowledge, the District then located another manufactured desk, but asserts that it has found no additional desks. Reply, docket #64 at 4.

Plaintiff argues that she should not have to rely on representations made by counsel, but rather should be able to depose a witness designated to represent the District who will testify under oath on this question.

The Court agrees with Plaintiff. Rule 30(b)(6) specifically provides that "[t]he persons designated must testify about information known *or reasonably available* to the organization." Fed. R. Civ. P. 30(b)(6) (2009) (emphasis added). Thus, while the District may not be able to locate documents or an individual having knowledge about the original purchase of the desks, the District remains obligated to provide a witness to testify as to information readily available to the District regarding the purchase, including the results of its investigation. *See Taylor*, 166 F.R.D. at 361; *see also Harris*, 259 F.R.D. at 92. Therefore, the motion is denied as to the designated 30(b)(6) topic involving the purchase of the wrap around desks, and the District is ordered to designate a witness to testify regarding the information readily available to it regarding the purchase.

### B. Installation and Use of Barrel Bolts

Both parties recognize that Patrick Boyd was designated by the District as a Rule 30(b)(6) witness regarding the District's construction of the wrap around desks. According to the Plaintiff, Mr. Boyd testified that "each of the 11 restraint desks built by the District between March 2005 and April 2006 had two barrel bolt locks." Response, docket #62 at 7. There is no mention as to whether Mr. Boyd was asked about the use or purpose of the locks, or if so, whether he was able to answer. While the Plaintiff complains that the District is attempting to "narrow the scope of the deposition request," there is no indication that Mr. Boyd's deposition was "narrowed" by questions he was unable to answer. According to the District, Mr. Boyd was the supervisor of the carpentry department who had worked for the District for more than 25 years; thus, it is logical that he be

designated as the person having the most knowledge regarding construction of the desks, including installation of the locks. The District need not designate persons having less knowledge or information regarding the designated topic.

Therefore, the motion is granted as to the designated 30(b)(6) topic involving the installation and use of the barrel bolt locks. The District need not designate an additional witness to testify as to this topic.

**IV.    Conclusion**

For the reasons stated herein, Pueblo School District 60's Amended Motion for Protective Order [filed January 13, 2010; docket #57] is **granted in part and denied in part**.

DATED this 25th day of February, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge