IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  09-cv-00858-CMA-MEH

EBONIE S., a child, by her mother and next friend, MARY S.

Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,
MARILYN GOLDEN, Teacher, in her official and individual capacities,
GARY TRUJILLO, Principal, in his official and individual capacities,
MARY JO BOLLINGER, Executive Director of Exceptions Student services,
in her official and individual capacities,
LOUISE RIVAS, paraprofessional, in her official and individual capacities,
SHARON WELLS, paraprofessional, in her official and individual capacities,
ISABEL SANCHEZ, paraprofessional, in her official and individual capacities,
AUDRA MARTINEZ, paraprofessional, in her official and individual capacities, and
KRISTEN POTTER, paraprofessional, in her official and individual capacities,

Defendants.

_____

**ORDER**

_____

Before the Court is Plaintiff's Motion for Leave to Amend Final Pretrial Order [filed October 19, 2010; docket #107].  The matter is briefed and has been referred to this Court for disposition.  Oral argument would not materially assist the Court in adjudicating the motion.  For the reasons that follow, the Court **grants** the motion.

I.     **Background**

This case involves a developmentally disabled minor child, Ebonie S., who was a student at Bessemer Academy in Pueblo School District No. 60 (hereinafter "District") in 2006 and 2007.  Based upon alleged conduct involving a restraining chair/desk in the classroom, Ebonie S. asserts various claims for constitutional violations, including a claim under 42 U.S.C. § 1983 against the

District and individual staff members for: (1) violation of the Fourth Amendment constitutional guarantee against unlawful searches and seizures; (2) violation of the constitutional right to substantive due process; (3) deprivation of liberty without due process; and (4) violation of the Equal Protection Clause of the U.S. Constitution. Ebonie also brings a claim against the District and its supervisory staff under 42 U.S.C. § 1983 for failure to train and supervise. Additionally, Ebonie S. brings claims against the Defendants for violation of Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. §§ 794 *et seq.*, and for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

The present dispute arises from Plaintiff's request to add two witnesses, Alison Daniels and Thom Miller, to her list of witnesses attached to the operative Final Pretrial Order. Plaintiff claims that, at the time of the pretrial order's preparation, Plaintiff's counsel experienced significant personal issues that eventually required them to withdraw from the case. As a result, counsel inadvertently omitted Ms. Daniels and Mr. Miller from the witness list, and omitted a reservation of the right to call any of Defendants' witnesses and any witnesses necessary for impeachment or rebuttal. Plaintiff argues that Defendants will suffer no prejudice since the witnesses were disclosed earlier in the litigation pursuant to Rule 26(e) and Defendants chose not to depose them. Further, the trial is scheduled to occur seven months from now, and Plaintiff states that she will not object to depositions of the witnesses taken before that time if Defendants choose to conduct them. Finally, Plaintiff asserts that Ms. Daniels and Mr. Miller are "critical to Plaintiff's case," and that manifest injustice will occur if they are not permitted to be called as witnesses.

Defendants object to allowing Plaintiff to name Ms. Daniels and Mr. Miller as witnesses saying that their testimony and a report they compiled as attorneys for the Legal Center for People

with Disabilities are impermissible hearsay offered to resolve issues of fact and law that will be presented to the jury.  Defendants assert that they intend to file a motion to strike the report from being used at trial.  Defendants conclude that denying the addition of Ms. Daniels and Mr. Miller to Plaintiff's witness list will not result in manifest injustice, since the only testimony they can offer is hearsay testimony and opinion testimony as to the restraint of the Plaintiff.

## II.    Discussion

Federal Rule of Civil Procedure 16(d) states, "[a]fter any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it."  Rule 16(e) follows, "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e).  The burden of demonstrating manifest injustice falls on the party moving for modification.  *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1222 (10th Cir. 2000).  The decision to allow such an amendment rests within the sound discretion of the trial court.  *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998).  In exercising that discretion, courts may be guided by the following factors regarding amendment of pretrial orders: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.[1]  *See*

---

[1]Defendants are correct that the factors set forth in *Koch* are used as a measure by which reviewing courts determine whether a district court's decision to amend a pretrial order is an abuse of discretion.  *Koch*, 203 F.3d at 1222 n.10.  However, trial courts in the Tenth Circuit have adopted the factors in exercising their discretion to determine whether manifest injustice is prevented by granting an amendment to the order.  *See, e.g., Roane v. Koch Indus., Inc.*, No. 85-1636-SAC, 2000 WL 1863480, *1 (D. Kan. Oct. 10, 2000); *Stone v. City of Wheat Ridge*, No. 07-cv-00004-WYD-KLM, 2008 WL 4059892, *1 (D. Colo. Aug. 29, 2008); *Wilson v. Sedgwick Cnty. Bd. of Cnty. Comm'rs*, No. 05-1210-MLB, 2006 WL 2850326, *5 (D. Kan. Oct. 3, 2006).

*Koch*, 203 F.3d at 1222.  In addition, courts may consider the timing of a motion to amend.  *Id.* at

1217 ("if the evidence or issue was within the knowledge of the party seeking modification of the

pretrial order at the time of the pretrial conference ... then it may not be allowed.") (quoting 6A

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1527 at 287-88 (1990))

(internal brackets omitted).

The Court finds that manifest injustice may result if the Plaintiff is not permitted to add Ms.

Daniels and Mr. Miller to her witness list.  Defendants do not dispute that these witnesses were

disclosed earlier in the litigation or that Plaintiff's omission was inadvertent.  In light of these

unrebutted allegations, it appears that Plaintiff had intended to include Ms. Daniels and Mr. Miller

on her list of witnesses for trial.  Because of the earlier disclosure, Defendants are not surprised by

their inclusion.  Any prejudice Defendants may encounter as a result of the witnesses' late inclusion

may be remedied by deposition, to which the Plaintiff does not object.  As the Plaintiff notes, Judge

Arguello set this case for trial on June 6, 2011, nearly seven months from now; thus, there is no

disruption in the proceedings by the addition of these witnesses.  Finally, Defendants do not argue

and the Court perceives no bad faith on the part of the Plaintiff.

Defendants' primary argument concerns the admissibility of Ms. Daniels' and Mr. Miller's

testimony and report at trial.  As acknowledged by Defendants, such arguments are typically

addressed in motions to strike or motions in limine.  Defendants make no argument that they are

unable to file any such motions, as necessary, in this case, either concerning Ms. Daniels or Mr.

Miller or any other witness identified on Plaintiff's witness list.

With respect to Plaintiff's request to reserve her right to call any of Defendants' witnesses

or any witness necessary for impeachment or rebuttal, the Court notes that such reservation is

4

commonly found on parties' witnesses lists.  The Court finds nothing improper or prejudicial in the

addition of such reservation at this stage of the litigation.  Thus, to the extent that the parties have

not made such reservations on their lists, they may do so if they choose.

**IV.     Conclusion**

For the reasons stated herein, Plaintiff's Motion for Leave to Amend Final Pretrial Order

[filed October 19, 2010; docket #107] is **granted**.  The Court will accept as filed Plaintiff's First

Amended Witness List found at docket #107-3.

DATED this 2nd day of December, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge