**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No.: 09-cv-00858-WJM-MEH

EBONIE S., a child, by her mother and next friend, MARY S.

Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

Defendant.

---

**ORDER DENYING MOTION TO STAY TRIAL DEADLINES**

---

This matter is before the Court on Plaintiff's Motion to Stay Trial Deadlines Pending Resolution of Forthcoming Motion for Reconsideration or for Entry and Certification of Final Order Pursuant to Fed. R. Civ. P. 54(b) or, in the Alternative, For Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), ECF No. 160, filed on May 4, 2011 (the "Motion"). Defendant opposes the Motion. For the following reasons, this Motion is DENIED.

Historically, a stay has "been justified by the perceived need to prevent irreparable injury to the parties or to the public." *Niken v. Holder*, --- U.S. ---, 129 S. Ct. 1749, 1760 (2009) (citation omitted). The Supreme Court has established four factors to for consideration of a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 1761 (citation omitted). The first two factors are the most critical. *Id.*

Plaintiff has failed to make any, let alone a convincing, showing on the *Niken* factors. The Court has no alternative, therefore, but to conclude that she has failed to establish good cause for issuance of a stay at this late stage of the proceedings.[1] Plaintiff surely had to be aware the trial deadlines she now seeks to delay would have to be complied with irrespective of how the Court ruled on Defendants' Motions for Summary Judgment [ECF No. 80, ECF No. 81], assuming at least one claim survived for trial.

Further, Plaintiff requests a stay pending resolution of an as-yet unfiled motion for reconsideration, or a motion for entry and certification of a final order, or certification of interlocutory appeal. (ECF No. 160 at 1.) Since no such motion(s) has yet been filed in this case, to the extent the Motion is so predicated, it is premature. Finally, the Motion also appears to be premised on an assumption the said anticipated future motion(s) would be granted, an assumption Plaintiff presently has no basis to make.

Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Stay Trial Deadlines is DENIED.

---

[1] Plaintiff's work-load and deadlines argument in favor of a stay is without merit. The Court granted summary judgment on four of six remaining claims asserted by Plaintiff. If anything, the Court's ruling on the summary judgment motions substantially *reduced* the length and complexity of the submissions due to the Court within the next few weeks.

Dated this 5th day of May, 2011.

BY THE COURT:

William J. Martínez
United States District Judge