**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.:  09-cv-00858-WJM-MEH

EBONIE S., a child, by her mother and next friend, MARY S.

      Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

      Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION
OR FOR RULE 54(b) CERTIFICATION OR, IN THE ALTERNATIVE,
CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO
28 U.S.C. § 1292(b) AND FOR STAY OF PROCEEDINGS**

---

This matter is before the Court on Plaintiff's Motion for Reconsideration or for

Rule 54(b) Certification or, in the Alternative, Certification of Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings ("Plaintiff's Motion"), filed

on May 5, 2011.  (ECF No. 169.)  Defendants oppose the Motion.  (*See* ECF Nos. 174,

175.)  For the following reasons, Plaintiff's motion for reconsideration and certification

for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.  Plaintiff's motion

for Rule 54(b) certification and a stay of proceedings is GRANTED.

## BACKGROUND

The Court incorporates the factual and procedural background of this case as

detailed in its May 3, 2011 Order (the "May 3, 2011 Order").  (ECF No. 159 at 3-7.)

On June 1, 2010 Defendants Marilyn Golden, Louise Rivas, Sharon Wells, Isabel

Sanchez, Audra Martinez, Kristen Potter, Gary Trujillo, Mary Jo Bollinger (the "Individual

Defendants"), and Pueblo School District 60 (the "School District") (collectively

"Defendants") filed Motions for Summary Judgment on claims asserted against them in

Plaintiff Ebonie S.'s ("Plaintiff" or "Ebonie S.") Amended Complaint.  (ECF Nos. 80, 81.)

In its May 3, 2011 Order the Court granted summary judgment on all claims against all

Individual Defendants, and on Plaintiff's Fourth Amendment, procedural due process,

equal protection, and supervisory liability claims ("§ 1983 Claims") only against the

School District.  (ECF No. 159.)  Two statutory claims based on allegedly discriminatory

practices in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

("ADA"), and § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act."),

remain pending against Defendant School District.

## DISCUSSION

### A.    Motion for Reconsideration

Plaintiff requests the Court reconsider the May 3, 2011 Order.  Plaintiff requests

the Court either reinstate all of Plaintiff's claims against all Defendants or, at a minimum,

reinstate all of Plaintiff's claims against District 60.  (ECF No. 169 at 1.)

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858,

861 (10th Cir. 1995).  Where, after judgment has entered in a case, a party files a

motion for reconsideration, courts generally construe such a motion as invoking Federal

Rules of Civil Procedure 59(e) or 60(b).  *See Hatfield*, 52 F.3d at 861.  On the other

hand, where a party files a motion for reconsideration prior to the entry of judgment,

Rules 59(e) and 60(b) do not apply.  *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92

(10th Cir. 1962).  Instead, the motion falls within a court's plenary power to revisit and

amend interlocutory orders as justice requires.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.

A motion for reconsideration is appropriate where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*

Instead of presenting new evidence, Plaintiff's Motion renews the argument that *Couture v. Board of Education of the Albuquerque Public Schools*, 535 F.3d 1243 (10th Cir. 2008), is not controlling here.  (ECF No. 169 at 2-8.)  Plaintiff draws the same distinctions between *Couture* and the facts at hand, hoping a rephrasing of the facts will change the Court's prior opinion.  Plaintiff further cites to a federal statute created to protect the rights of individuals with developmental disabilities from restraint.  *See* 42 U.S.C. § 15009.  However, this is an argument that should have been raised at the motion for summary judgment stage, and not for the first time here in a motion for reconsideration.  *See Servants of the Paraclete*, 204 F.3d at 1012.

Plaintiff attempts to sway the Court by renewing the assertion that "Mary S. did not give *informed* consent to use of the mechanical restraint desk with Ebonie."  (ECF No. 169 at 8 (emphasis added).  However, Mary S.[1] provided consent to use of such a

---

[1] Mary S. is Ebonie S.'s adoptive mother, and is referred to as Mary S. to protect the privacy of the child.

desk at Columbian Elementary where Ebonie S. was a student prior to attending Bessemer Academy ("Bessemer").[2]  (*See* ECF No. 80 at 3.)  Mary S. testified in a deposition that she did not have any concerns with the use of the desk at Columbian. (ECF No. 80-3 at 285:4-286:6.)  That consent accompanied Ebonie S. to Bessemer, and was re-confirmed during a December 2006 meeting at which Plaintiff's individual education plan ("IEP") was reviewed.  (ECF No. 80-5 at 5.)  Whether or not the IEP was an appropriate education plan, and whether or not the consent was informed, Plaintiff has not pointed to an intervening change in the controlling law; she has not provided the Court with any new evidence, nor has she shown that the Court has committed clear error.  *Servants of the Paraclete*, 204 F.3d at 1012.  Accordingly, Plaintiff's motion for reconsideration is denied.

**B.      Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)**

Plaintiff requests that the Court certify its May 3, 2011 Order pursuant to 28 U.S.C. § 1292(b) to allow an interlocutory appeal of said Order, as well as enter a stay of all trial court proceedings on the two remaining claims, pending resolution of her appeal to the Tenth Circuit Court of Appeals.  (ECF No. 169 at 13.)

Certification under 28 U.S.C. § 1292(b) is appropriate where (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal to determine the issue may materially advance the ultimate termination of the litigation. *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991).  A district court has

---

[2] Both Bessemer and Columbian Elementary are schools in Pueblo, Colorado.

discretion in determining whether to certify an order for interlocutory appeal. *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Only "exceptional" circumstances warrant interlocutory appeals under § 1292(b). *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (interlocutory appeals are generally prohibited unless litigants can show that an order will have serious consequences that can only be prevented by immediate appeal rather than appeal after judgment.)

The Court finds that certification of the claims disposed of by the May 3, 2011 Order for interlocutory appeal is not appropriate under 28 U.S.C. § 1292(b). This is not an "exceptional" case. A question presented for certification must be difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceedings June 1991*, 767 F. Supp. at 226. "It is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D.Pa.1983) (emphasis in the original). The Court is unpersuaded that a substantial ground for difference of opinion exists, despite the fact that the instant parties have taken opposing views as to whether *Couture* is controlling here. Accordingly, Plaintiff's motion for certification pursuant to 28 U.S.C. § 1292(b) is denied.

**C.     Rule 54(b) Certification**

Plaintiff also requests that the Court certify its May 3, 2011 Order as a final order pursuant to Fed. R. Civ. P. 54(b), so that Plaintiff may immediately appeal same to the Court of Appeals.  (ECF No. 169 at 9.)  Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

In order to grant certification under Rule 54(b), the Court must find (1) that the judgment upon which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) that there is no just reason to delay entry of judgment.  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005); Okla. *Tpk. Auth. v. Brunner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

In determining that there is no just reason for delay, the Court must act as a "dispatcher" weighing the policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal.  *Id.*  The Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent

appeals." *Id.*  The Court has discretion to grant or deny certification "in the interest of sound judicial administration." *Id.*

**Finality**

First, the Court finds the May 3, 2011 Order is final in that it constitutes the ultimate disposition of all claims against the Individual Defendants in both their individual and official capacities.  Second, the May 3, 2011 Order is final in that it constitutes the ultimate disposition of the Fourth Amendment, procedural due process, equal protection and supervisory liability claims against all Defendants.  Finally, the only claims remaining in this action are those against the School District alleging disability discrimination claims under the ADA and Rehabilitation Act.  Thus, the Court finds that the May 3, 2011 Order is a final order for purposes of Rule 54(b).

**No Just Reason for Delay**

The Court finds that Plaintiff's claims disposed of by way of the May 3, 2011 Order are separable based on the distinct legal issues involved.  Plaintiff's § 1983 claims are based on the alleged unconstitutionality of the actions of Defendants in regularly using a wrap-around desk with a restraint bar on Plaintiff.[3]  In contrast, the remaining ADA and Rehabilitation Act claims are based on the alleged discriminatory practice of the School District in using the wrap-around desks only in classrooms with disabled children, and not in classrooms with non-disabled students.  The Court

---

[3]  The May 3, 2011 Order also dismissed the Rehabilitation Act and ADA claims against the Individual Defendants, given that individual defendants in their individual capacities are not properly subject to suit under those statutes.  (ECF No. 159 at 21.)

therefore finds that appeal of the May 3, 2011 Order will not require an appellate court to address the same issues more than once, even if there were subsequent appeals.

The Court further determines that the interests of justice are best served by finding that there is no just reason to delay entry of judgment within the meaning of Rule 54(b).  Plaintiff is a 10-year-old girl with multiple disabilities, including Down Syndrome. The emotional and psychological (not to mention financial) toll two separate jury trials would exact on a girl in Ebonie S.'s situation may very well be incalculable.  The Court finds that an immediate appeal of its May 3, 2011 Order is the only alternative available to it under the current case law which ensures that Plaintiff will be subject to at most one single jury trial.  In these circumstances, the Court refuses to ignore the harsh consequences which may befall Plaintiff were it to deny her request for Rule 54(b) certification of the May 3, 2011 Order.  *See Gas-A-Car Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973) ("refusal to hear the Rule 54(b) order might create undue hardships on appellants which outweigh any inconvenience resulting from the delay of the trial").

Therefore, the Court finds no just reason exists to delay entry of final judgment on all claims against the Individual Defendants, and on the Fourth Amendment, procedural due process, equal protection and supervisory liability claims against the School District.  Judgment in favor of Defendants and against Plaintiff shall be entered by the Clerk of Court accordingly.

**D.      Stay of Proceedings**

Plaintiff requests that the Court stay the June 6, 2011 trial pending resolution of

any appeal to the Tenth Circuit Court of Appeals.  (ECF No. 169 at 2.)  Since the Court

is granting Plaintiff's motion for Rule 54(b) certification, the Court finds that it is in the

interest of justice to stay all trial court proceedings pending a decision by the Court of

Appeals on Plaintiff's appeal of the claims finally disposed by the May 3, 2011 Order.

Therefore, all current trial settings and deadlines with respect to the remaining ADA and

Rehabilitation Act claims against the School District are hereby vacated.

## CONCLUSION

Accordingly, for the reasons stated above, the Court Orders as follows:

1)      Plaintiff's Motion for Reconsideration, and Plaintiff's Motion for

Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), is DENIED;

2)      The Court finds there is no just reason to delay entry of final judgment

against Plaintiff and in favor of all Individual Defendants on all claims, and against

Plaintiff and in favor of the School District on Plaintiff's Fourth Amendment, procedural

due process, equal protection, and supervisory liability claims.  Accordingly, the Court

GRANTS Plaintiff's motion for certification pursuant to Rule 54(b);

3)      The Clerk of the Court shall enter the appropriate judgment against

Plaintiff;

4)      Plaintiff's Motion for Stay of Proceedings on the remaining two statutory

claims against the School District is GRANTED pending a decision and remand by the

Tenth Circuit Court of Appeals; and

5)      All current trial settings and deadlines are hereby VACATED until further

Order of Court.

Dated this 17th day of May, 2011.

BY THE COURT:

William J. Martínez
United States District Judge