**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No.: 09-cv-00858-WJM-MEH

EBONIE S., a child, by her mother and next friend, MARY S.

Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

Defendant.

---

**ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) ON PLAINTIFF'S ADA AND REHABILITATION ACT CLAIMS**

---

THIS MATTER is before the Court on Pueblo School District's (the "School District") Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) on Plaintiff's ADA and Rehabilitation Act Claims filed on July 13, 2011. (ECF No. 220.) Plaintiff opposes the Motion. For the following reasons, this Motion is DENIED.

**BACKGROUND**

The Court incorporates the factual and procedural background of this case as detailed in its May 3, 2011 Order (the "May 3, 2011 Order"). (ECF No. 159 at 3-7.)

On June 1, 2010 Defendants Marilyn Golden, Louise Rivas, Sharon Wells, Isabel Sanchez, Audra Martinez, Kristen Potter, Gary Trujillo, Mary Jo Bollinger (the "Individual Defendants"), and Pueblo School District 60 (the "School District") (collectively "Defendants") filed Motions for Summary Judgment on claims asserted against them in Plaintiff Ebonie S.'s ("Plaintiff" or "Ebonie S.") Amended Complaint. (ECF Nos. 80, 81.) In its May 3, 2011 Order the Court granted summary judgment on all claims against all

Individual Defendants, and on Plaintiff's Fourth Amendment, procedural due process, equal protection, and supervisory liability claims ("§ 1983 Claims") only against the School District. (ECF No. 159.) Two statutory claims based on allegedly discriminatory practices in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. ("ADA"), and § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act."), remain pending against Defendant School District. On May 17, 2011, the Court granted Plaintiff's Motion for Rule 54(b) Certification, allowing immediate appeal of the Court's May 3, 2011 Order. (ECF No. 194.) The School District here requests the Court certify as final the May 3, 2011 Order with respect to Plaintiff's ADA and Rehabilitation Claims to allow the School District to cross-appeal the entire summary judgment order. (ECF No. 220 at 3.)

## DISCUSSION

Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

"The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation omitted). "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less

than all their claims will create undue hardships." *Oklahoma Turnpike Auth.*, 259 F.3d at 1242 (citation omitted). In order to grant certification under Rule 54(b), the Court must find (1) that the judgment upon which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) that there is no just reason to delay entry of judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005); Okla*. Tpk. Auth. v. Brunner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

Certification is appropriate only where denial of the motion for reconsideration "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Summary judgment was denied on the ADA and Rehabilitation Act claims not because of a dispute about controlling law, but because there remains a genuine dispute of material facts in regards to these statutory claims, disputes which only the trier of fact can resolve in the course of a jury trial. Accordingly, the Court finds that Rule 54(b) certification of Plaintiff's ADA and Rehabilitation Act claims is inappropriate in this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the School District's Motion for Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b), ECF No. 220, is DENIED.

Dated this 30th day of August, 2011.

BY THE COURT:

William J. Martínez
United States District Judge