IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00858-WJM-MEH

EBONIE S., a child, by her mother and next friend, Mary S.,

     Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

     Defendant.

---

## ORDER ON MOTION TO REVIEW COSTS

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Renewed Motion to Review Clerk's Taxation of Costs [filed July 12, 2011; docket #218]. The motion has been referred to this Court for disposition. The motion is fully briefed, and the Court finds that oral argument will not materially assist with the adjudication of the motion. For the reasons that follow, the motion is **granted in part and denied without prejudice in part**.

This case was initiated by the Plaintiff's mother and next friend, Mary S. on behalf of the Plaintiff, a minor, Ebonie S., a developmentally disabled child, who was a kindergarten student at Bessemer Academy in Pueblo School District No. 60 (hereinafter "District") for the school year 2006-07.[1] Based upon alleged conduct involving restraint of Ebonie in a "wraparound" desk in the classroom, Plaintiff has asserted claims against the Defendants for violation of Section 504 of the

---

[1]There is some indication that Ebonie may have been placed in a wraparound desk during the 2005-06 school year in the District as well, but the emphasis in this case appears to be on Ebonie's time at Bessemer Academy the following school year.

Rehabilitation Act of 1973, 42 U.S.C. §§ 794 *et seq.*, and for violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*[2] A full recitation of the facts of this case may be found in Judge Martinez' May 3, 2011 order on Defendants' motions for summary judgment. *See* docket #159.

Following Judge Martinez' May 3, 2011 order dismissing certain claims and the individual Defendants from the action, Plaintiff moved for reconsideration of the order or for certification of the order as final under Fed. R. Civ. P. 54(b), or in the alternative, certification of the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docket #169. Judge Martinez granted the motion in part and certified the summary judgment order as final and appealable pursuant to Rule 54(b). Docket #194. Judgment by the clerk as to the dismissed claims and defendants entered on May 19, 2011. Docket #198. On June 2, 2011, Defendant Marilyn Golden and Defendant Pueblo School District (on behalf of the other dismissed individual Defendants) each filed proposed bills of costs. Dockets #201 and #202. Plaintiff filed objections to the bills of costs on June 16, 2011 (dockets #207 and #208), and the Clerk of Court held a hearing on June 30, 2011. The Clerk adjusted the proposed bills and taxed costs in the amount of $4,025.53 in favor of the School District (docket #212), and $2,767.37 in favor of Ms. Golden (docket #213). The present motion followed.

## II.    Legal Standard

---

[2]Plaintiff also alleged various claims for constitutional violations under 42 U.S.C. § 1983 against the District and individual staff members for: (1) violation of the Fourth Amendment constitutional guarantee against unlawful searches and seizures; (2) violation of the constitutional right to substantive due process; (3) deprivation of liberty without due process; and (4) violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also alleged claims against the District and its supervisory staff pursuant to Section 1983 for failure to train and supervise. However, these claims were dismissed on summary judgment on May 3, 2011.

Federal Rule of Civil Procedure 54(d)(1) authorizes the Court to order a reimbursement of costs, exclusive of attorney's fees, to the prevailing party in a litigation. Once the Clerk of Court taxes such costs, "the court may review the clerk's action" upon timely motion of the parties. Fed. R. Civ. P. 54(d)(1). The rule states, "[t]he clerk may tax costs on 14 days' notice. On motion served within the next seven days, the court may review the clerk's action." *Id.*

In construing Rule 54(d)(1), the Tenth Circuit has acknowledged that the rule "does not specify a time in which the motion for costs must be made." *Woodmen Accident & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057 (10th Cir. 1986). In *Woodmen*, as in this case, the plaintiff sought and was granted certification of a summary judgment order as a final judgment pursuant to Fed. R. Civ. P. 54(b). *Id.* Apparently, costs were awarded against the plaintiff by the trial court and he appealed that order in addition to the summary judgment order. *Id.* The Tenth Circuit was asked to determine whether it had jurisdiction to review the cost order as an appealable "final judgment." *Id.* The *Woodmen* court concluded that the cost order was *not* final finding:

> We believe logic dictates that, unless the trial court – as part of its Rule 54(b) certification – directs taxing and *apportionment* of costs, the time for taxing costs begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues. To hold otherwise would unnecessarily complicate matters.

*Id.* (emphasis in original). The court recognized that the plaintiff had a remaining claim on which he might succeed and, thus, be entitled to costs as a prevailing party. *Id.* at 1057-58. As such, the court concluded that "the trial court should have the freedom to adjust any cost awards at least until there has been a final judgment ***as to all parties and all issues***." *Id.* at 1058 (emphasis added).

The Court finds *Woodmen* not only instructive, but binding on the issue presented here. Although certain claims and defendants have been dismissed from this case, and Judge Martinez' order of dismissal was certified as a final judgment pursuant to Fed. R. Civ. P. 54(b), the Court finds

that taxation of costs at this stage of the case is premature.  First, Judge Martinez did not, as part of the Rule 54(b) certification, direct the taxing and apportionment of costs against the Plaintiff. Second, the Plaintiff has two claims going forward against the remaining Defendant school district and may, as noted by the Tenth Circuit, succeed on those claims, thus entitling her to an award of costs as the prevailing party.  There is no requirement that Defendants seek the taxation of costs within a time restriction under the rules.  Thus, it is in the interests of fairness and judicial economy to wait until a final order on all claims and all issues before taxing and apportioning costs in this case.

Defendants direct the Court to a footnote found in *Woodmen* just after its holding.  The footnote states in its entirety: "As a result of our holding, if a party seeking Rule 54(b) certification also wishes to recover costs attributable to the issues to be certified, his motion to tax costs should be part of his motion seeking Rule 54(b) certification."  *Woodmen*, 784 F.2d at 1058 n. 1. Defendants argue that, in light of such footnote, "the *Woodmen* court confirms that costs may be awarded on [any] claims certified as final."  The Court disagrees and finds that the premise of Defendants' argument contravenes *Woodmen*'s holding that costs should be taxed upon a final judgment as to all parties and all issues.  Rather, through its advisement in footnote one, the *Woodmen* court simply affirms a method by which a party seeking both certification and costs may proceed.  Such is not the case here.

In finding that taxation of costs at this stage of the proceeding is premature pursuant to *Woodmen*, the Court hereby **vacates** the taxation of costs by the Clerk of Court on July 1, 2011, as set forth in dockets #212 and #213.  In issuing its order, this Court is by no means "denying" costs altogether to the Defendants dismissed from this matter.  In addition, the Court is not making any

determinations as to the amount to be taxed by the Clerk of Court.  In fact, the Court is making no determination as to whether costs should be taxed at all and will deny Plaintiff's motion in this regard without prejudice.  Instead, the taxation and apportionment (if any) of costs in this action shall be effected upon a final judgment as to all parties and all issues in this case.

Based upon the foregoing and the entire record before the Court, Plaintiff's Renewed Motion to Review Clerk's Taxation of Costs [filed July 12, 2011; docket #218] is **granted in part and denied without prejudice in part** as set forth herein.

Dated and entered this 1st day of September, 2011, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge