IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No.  09-cv-00858-WJM-MEH

EBONIE SANTOS, a child, by her mother and next friend, MARY SANTOS,

    Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

    Defendant.

*Final Instructions Read to Jury on 23 March 2015 @ 11:05 Am  WJM*

## JURY INSTRUCTIONS

## PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the

jury room, so you need not take notes.[1]

---

[1] Tenth Circuit Criminal Pattern Jury Instructions § 1.03.

### JURORS' DUTIES

In reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

You are not to be concerned with the wisdom of any rule of law stated by me. It would be a violation of your oath to base your verdict on anything other than the law as presented in these instructions and the facts as you find them. Counsel may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law as stated by counsel or in the exhibits, and that stated by me in these instructions, my instructions prevail. The law contained in these instructions is the law that must govern your deliberations in this case.

Finally, it is your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.[2]

---

[2] Tenth Circuit Criminal Pattern Jury Instructions § 1.04; Stipulated Instruction 12 (modified).

## EVIDENCE – DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. You must also not be influenced by sympathy, bias, or prejudice for or against any party in this case.[3]

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and any fact that has been judicially noticed. When I have taken judicial notice of a fact, you must accept my declaration of that fact as evidence and consider that fact as having been proved in this case.[4]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[5]

---

[3] Stipulated Instruction 8.
[4] 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.) (modified).
[5] Tenth Circuit Criminal Pattern Jury Instructions § 1.06; Stipulated Instruction 4 (modified).

4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved. By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[6]

---

[6]   Tenth Circuit Criminal Pattern Jury Instructions § 1.07; Stipulated Instructions 4 & 5 (modified).

## PREPONDERANCE OF THE EVIDENCE

At the beginning of this case, I talked to you about the difference between a

criminal and a civil case with respect to the burden of proof.  At least some of you may

have heard of the term "proof beyond a reasonable doubt."  Proof beyond a reasonable

doubt is a stricter standard that applies in criminal cases. It does not generally apply in

civil cases such as this. You should, therefore, put it out of your minds.[7]

In a civil case, such as this one, the burden of proof is preponderance of the

evidence.  To prove something by a "preponderance of the evidence" means to prove

that it is more probably true than not.[8]  This standard does not require proof to an

absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of

the evidence you may, unless otherwise instructed, consider the testimony of all

witnesses, regardless of who may have called them, and all exhibits received in

evidence, regardless of who may have produced them.[9]

---

[7]  3 Fed. Jury Prac. & Instr. § 104.01 (5th ed.).
[8]  Stipulated Instruction 2 (modified).
[9]  3 Fed. Jury Prac. & Instr. § 104.01 (5th ed.); Stipulated Instruction 2
(modified).

## STIPULATIONS

You have heard me say that the parties have stipulated to certain facts. This agreement makes the presentation of any evidence to prove this fact unnecessary. The agreement means that you must accept this fact as true.[10]

The facts to which the parties have stipulated in this case are as follows:

1.  Plaintiff Ebonie Santos is a citizen of the United States and a resident of the State of Colorado.

2.  Ebonie Santos is an individual with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12131.

3.  Ebonie Santos is a minor child under the age of eighteen.

4.  Ebonie Santos is a girl with several disabilities, including Down Syndrome.

5.  Mary Santos is the adoptive mother of Ebonie Santos.

6.  At the time of the events underlying this case, Ebonie Santos was a special education student enrolled in Pueblo School District 60.

7.  Ebonie Santos was a student at Columbian Elementary School, a school within Pueblo School District 60, during the 2005-2006 school year. Her teacher was Janet Clark-Beatty.

8.  Ebonie Santos attended Bessemer Academy during the 2006-2007 school year, from August 21, 2006 to April 9, 2007.

9.  Gary Trujillo was the Principal at Bessemer Academy, a school within Pueblo

---

[10] Colorado Jury Instructions—Civil § 1:13.

School District 60, during the 2006-2007 school year.

10.    Marilyn Golden is a teacher licensed by the State of Colorado who taught a classroom of students with Significantly Limited Intellectual Capacity ("SLIC") at Bessemer Academy during the 2006-2007 school year.

11.    Ebonie Santos was a student in Marilyn Golden's SLIC classroom at Bessemer Academy during the 2006-2007 school year, from August 21, 2006 to April 9, 2007.

12.    Sharon Wells, Isabel Sanchez, Audra Martinez, Louise Rivas, and Kristen Potter were paraprofessionals working in the Bessemer Academy SLIC classroom during the 2006-2007 school year.

13.    Brenda Ivey, also a paraprofessional, was assigned to Ms. Golden's classroom during the 2006-2007 school year to assist with breakfast, lunch and any field trips that required additional assistance.

14.    Mary Jo Bollinger was the Interim Director of Exceptional Student Services (Special Education) for Pueblo School District 60 during the 2006-2007 school year.[11]

---

[11] Amended Stipulations (ECF No. 319).

## **LIMITING INSTRUCTION**

On April 9, 2007, it was discovered that Ebonie Santos had a broken arm.  The Defendant, Pueblo School District 60, is not responsible for Ebonie's broken arm, and the cause of her broken arm is not an issue in this case.[12]

-------

[12] ECF Nos. 305 & 323.

## JUDICIAL NOTICE

The Court has taken judicial notice of the fact that the life expectancy of an individual with Down Syndrome is approximately 60 years.  In considering the amount of compensatory damages to award, if any, you may consider the approximate expected lifespan of a person with Down Syndrome.[13]

---

[13]  Plaintiff's Disputed Instruction 13 (supplemental) (modified).

## **MINOR CHILD**

A person who is younger than 18 years old is a minor.  An adult must sue as next friend in place of the minor.[14]

_____

[14] Stipulated Instruction 1.

## JUROR'S FINDINGS – PROBABILITIES

Any finding of fact you make must be based on probabilities, not possibilities.

You should not guess or speculate about a fact.[15]

---

[15] Stipulated Instruction 3.

## CREDIBILITY OF WITNESSES

As I previously instructed you, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either party?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not

13

uncommon.[16]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[17]

---

[16] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (modified); Stipulated Instruction 10 (modified).

[17] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (modified); Stipulated Instruction 7 (modified).

## ORAL STATEMENTS OR ADMISSIONS

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.[18]

---

[18]  3 Fed. Jury Prac. & Instr. § 104.53 (5th ed.).

## USE OF DEPOSITIONS

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand, may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[19]

---

[19] 3 Fed. Jury Prac. & Instr. § 105.02 (5th ed.); Stipulated Instruction 6 (modified).

## EXPERT WITNESSES

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

During the trial you heard the testimony of Dr. Philip Strain, Dr. Helena Huckabee, and Dr. Paul Spragg, who were designated as expert witnesses. You are not required to accept their opinions. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.[20]

Expert witnesses must only provide opinions based on their own education, training or experience in their particular fields of expertise, but are not permitted to express opinions on the law or the application of the law to the facts. The proper application of the law to the facts is for the jury to decide and you must disregard statements by an expert witness that apply the law to the facts. [21]

---

[20] Tenth Circuit Pattern Jury Instructions—Criminal § 1.17 (modified); Stipulated Instruction 9 (modified).

[21] Stipulated Instruction 15 (Supplemental Stipulated Instruction, ECF No. 333).

## SCHOOL DISTRICT AS DEFENDANT

Defendant is a school district.  A school district may act only through natural persons as its agents or employees.  In general, any agents or employees of a school district may bind it by their acts and declarations made while acting within the scope of their authority delegated to them by the school district or within the scope of their duties as employees of the school district.[22]

---

[22] 3 Fed. Jury Prac. & Instr. § 103.31 (5th ed.); Plaintiff's Disputed Instruction 9 (modified).

## ALL AVAILABLE WITNESSES NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.[23]

---

[23] 3 Fed. Jury Prac. & Instr. § 105.11 (5th ed.).

## **NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[24]

---

[24]  3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.); Stipulated Instruction 7 (modified).

## **LAWYERS' OBJECTIONS**

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.[25]

---

[25] Sixth Circuit Criminal Pattern Jury Instructions § 1.09.

## PART II: ELEMENTS OF CAUSE OF ACTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  Now I will explain the elements of the claims at issue here—violation of the Americans with Disabilities Act (the "ADA"), and the Rehabilitation Act.

## ADA AND REHABILITATION ACT – ELEMENTS

Plaintiff brings claims under two federal laws, the Americans with Disabilities Act (ADA) and the Rehabilitation Act.  The legal standards for the ADA and the Rehabilitation Act are similar, and you should consider the claims together.[26]

To succeed on her claims under the ADA and the Rehabilitation Act, Plaintiff must first show that Plaintiff is a qualified person with a disability, and Defendant receives federal funding.  In this case, the parties agree that these initial elements are satisfied.[27]  Plaintiff must also prove the following elements by a preponderance of the evidence:

1.   Plaintiff was excluded from participation in or denied the benefit of Defendant's services, programs, or activities, or was otherwise discriminated against by Defendant; and

2.   Plaintiff was excluded, denied benefits, or was discriminated against because of her disability.[28]

If you find that Plaintiff has failed to prove either of these two elements, then you must find for Defendant. If you find that Plaintiff has proven both of these elements, then you must consider whether Plaintiff has proven intentional discrimination.

---

[26]  Plaintiff's Disputed Instruction 2 (modified).
[27]  ECF No. 297 at 1-2;
[28]  Plaintiff's Disputed Instruction 3 (modified).

## INTENTIONAL DISCRIMINATION

Plaintiff may not recover damages for her Americans with Disabilities Act (ADA) and Rehabilitation Act claims unless she proves that Defendant intentionally discriminated against her.

Intentional discrimination does not require a showing of personal animosity or ill will toward Plaintiff. Instead, intentional discrimination can be inferred from evidence that Defendant was deliberately indifferent to the strong likelihood that its conduct would likely result in a violation of Plaintiff's federally protected rights.[29] Deliberate indifference is more than ordinary or gross negligence. To prove that Defendant was deliberately indifferent, Plaintiff must prove that:[30]

1.    Defendant knew that its conduct was substantially likely to cause harm to Plaintiff's federally protected rights; and

2.    Defendant failed to act upon that likelihood of harm.[31]

In determining whether Defendant intentionally discriminated against Plaintiff, you may consider the fact that federal law requires a school district to provide regular or special education and related aids and services that are designed to meet individual educational needs of disabled persons as adequately as the needs of non-disabled persons are met.[32] You may also consider the fact that federal law prohibits a school district from providing different or separate aid, benefits, or services to disabled persons

---

[29] Plaintiff's Disputed Instruction 4 (modified); Defendant's Disputed Instruction A (modified).
[30] Defendant's Disputed Instruction A (modified).
[31] Plaintiff's Disputed Instruction 4 (modified); Defendant's Disputed Instruction A (modified).
[32] Plaintiff's Disputed Instruction 6 (modified).

on the basis of their disability unless that action is necessary to provide them with aid, benefits, or services that are as effective as those provided to others.[33]

If you find that Plaintiff has not proven intentional discrimination, then you may not award her damages on her claims under the ADA and Rehabilitation Act.  If you find that Plaintiff has proven the elements of her claims, and also that Defendant intentionally discriminated against her, then you must consider whether Plaintiff has proven that Defendant's conduct caused her damages.

---

[33]  Plaintiff's Disputed Instruction 5, subsection (5) (modified).

## DAMAGES

If you find that Defendant intentionally discriminated against Plaintiff because of her disability, then you must determine an amount that is fair compensation for Plaintiff's damages.  You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish Plaintiff experienced as a consequence of Defendant's allegedly unlawful conduct.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based upon sympathy, speculation, or guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[34]

If you find that Defendant intentionally discriminated against Plaintiff because of her disability, but that Plaintiff's damages have no monetary value, then you must

---

[34] Defendant's Disputed Instruction D (modified).

award Plaintiff nominal damages of one dollar.[35]

---

[35]  Plaintiff's Disputed Instruction 11 (modified).

## CAUSATION

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury. A cause does not have to be the only cause or the last or nearest cause. It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

One's conduct is not a cause of another's injuries, however, if, in order to bring about such injuries, it was necessary that his or her conduct, combined or joined with an intervening cause that also contributed to cause the injuries. An intervening cause is a cause that would not have been reasonably foreseen by a reasonably careful person under the same or similar circumstances.[36]

---

[36] Defendant's Disputed Instruction B.

## EFFECT OF DAMAGES INSTRUCTION

The fact that an instruction on the measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for you to decide.[37]

---

[37] Stipulated Instruction 11.

## PART III: DELIBERATION AND VERDICT FORM

That concludes the part of my instructions explaining the law that applies in this case.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE

After the parties' closing statements, the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

To reach a verdict, whether for the Plaintiff or the Defendant, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The Court has prepared a Verdict Form for your convenience.  It reads as follows:


**[Explain the Verdict Form]**

31

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on the Verdict Form.  At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form.

Only one copy of this Verdict Form will be provided to you.  If you make an error on the Form, please tell the bailiff.  The bailiff will destroy the erroneous form and a blank form will be provided.[38]

---

[38]  Tenth Circuit Pattern Jury Instructions—Criminal § 1.23 (2011) (modified); Stipulated Instruction 13 (modified).

## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue. There may also be some questions that I cannot answer. If I cannot answer the question, I will inform you. Please do not speculate about what the answer to your question might be.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.[39]

---

[39] Tenth Circuit Pattern Jury Instructions—Criminal § 1.44; Stipulated Instruction 14 (modified).