**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-00858-WJM-MEH

EBONIE S., a child, by her mother and next friend, MARY S.,

    Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

    Defendant.

---

## ORDER DENYING PREJUDGMENT INTEREST

---

Plaintiff Ebonie S. ("Plaintiff"), by her mother and next friend, Mary S., brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 794 *et seq.*, against Defendant Pueblo School District 60 ("Defendant"), arising out of Defendant's use of a restraint desk on Plaintiff at school. (ECF No. 267 at 4–8.) The trial of this action commenced on March 16, 2015, and a verdict was reached on March 24, 2015. (ECF No. 354.) The jury found in favor of Plaintiff and awarded her damages in the amount of $2,200,000. (*Id.*)

This matter is before the Court on Plaintiff's request for prejudgment interest. (ECF No. 267 at 8.) Pursuant to the Court's order (ECF No. 358), the parties submitted post-trial briefs on the issue. (ECF Nos. 360 & 361.) For the reasons set forth below, the request for prejudgment interest is denied, and judgment shall enter without any award of prejudgment interest.

## I.  DISCUSSION

The parties agree that the jury's award of $2,200,000 was intended to cover the costs of Plaintiff's future need for services resulting from Defendant's discriminatory conduct during the 2006–2007 school year.  (*See* ECF Nos. 360 at 1; 361 at 1.)  However, the parties disagree as to whether prejudgment interest is warranted.

Whether to award prejudgment interest "rests firmly within the sound discretion of the trial court."  *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287 (10th Cir. 2002); *see also Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 746 (10th Cir. 1993).  "A two-step analysis governs the determination of such an award."  *Caldwell*, 287 F.3d at 1286.  In exercising its discretion, "[t]he district court must first determine whether the award of prejudgment interest will serve to compensate the injured party.  Second, even if the award of prejudgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment interest."  *Id*.  Finally, a court awarding prejudgment interest must determine the date of accrual.  "The purpose of making discrimination victims whole is limited . . . by recognition that prejudgment interest does not accrue until the victim actually sustains *monetary* injury."  *Reed v. Mineta*, 438 F.3d 1063, 1066 (10th Cir. 2006) (emphasis added) (reversing district court's calculation of prejudgment interest on entire damages award beginning on date employee was unlawfully terminated, because the plaintiff's monetary injury accrued at each missed pay period in the amount of that pay period's lost wages).

Defendant argues that prejudgment interest on Plaintiff's damages would not be compensatory here, because Plaintiff's damages are based on compensation for future

care, not past monetary loss. (ECF No. 361 at 2–5.) Plaintiff contends that prejudgment interest would serve to compensate her for the "unknown rise in the cost of services to allow her to obtain all the help she needs for the rest of her life," and notes that the damages estimates provided by her expert were not adjusted for inflation. (ECF No. 360 at 2; *see also id.* at 3–6.)

The Court finds that awarding prejudgment interest in this case would be punitive rather than compensatory. As noted by the Tenth Circuit in *Caldwell*, "the rule in this circuit is that prejudgment interest is generally available 'to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment.'" 287 F.3d at 1286 (quoting *Anixter v. Home-Stake Prod. Co.*, 977 F.2d 1549, 1554 (10th Cir. 1992)). That is, prejudgment interest is designed to make a party whole by fully compensating her for the lost time value of the money of which she was deprived while litigating her claims. Plaintiff has not demonstrated that she suffered a past monetary loss such that she would not be made whole without the past time value of that monetary loss. Instead, the Court is persuaded by Defendant's argument that Plaintiff's damages, while compensatory in nature, are not the sort that require further compensation in the form of prejudgment interest.

This conclusion is supported by the practical difficulties of determining a date of accrual of prejudgment interest in this case, as there is no discernible date on which Plaintiff suffered monetary injury. *See Reed*, 438 F.3d at 1066. While Plaintiff requests interest from the date she left Bessemer Academy in April 2007 (ECF No. 360 at 5, 8), she provides no support for a finding that a monetary injury was suffered on that date, particularly as to costs which will not be incurred for many years in the future. The

Tenth Circuit has distinguished between the date of the legal injury giving rise to a discrimination plaintiff's claims and the date of the monetary injury permitting an award of prejudgment interest. *Reed*, 438 F.3d at 1066 (finding legal injury occurred on date of unlawful termination, but monetary injury was suffered on subsequent date of each missed paycheck). The Court finds that such a distinction applies in the instant case, and concludes that Plaintiff has not demonstrated the existence of a past monetary injury supporting her request for prejudgment interest.

The Court notes the existence of Tenth Circuit authority, cited by Plaintiff, holding that "prejudgment interest normally should be awarded on successful federal claims." *FDIC v. UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir. 1998); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236 (10th Cir. 2000) (holding that "in the federal context, this Court has adopted a preference, if not a presumption, for prejudgment interest"). The Court agrees that, in the ordinary employment discrimination case involving a compensatory damage award of backpay, as in the cited cases, there is a strong preference in favor of prejudgment interest. However, that preference is relevant only where the policy in favor of such an award—namely, that the Plaintiff will be compensated for the lost monetary value since the date of the injury—is applicable. As discussed above, the Court finds that an award of prejudgment interest here would not serve that compensatory purpose. Plaintiff cites no authority permitting an award of prejudgment interest to compensate for a future "unknown rise" in her damages, due to inflation or otherwise.[1] Accordingly, the cited

---

[1] The only authority Plaintiff cites on this question is a Fifth Circuit case affirming a trial judge's award of prejudgment interest as to damages allocated to future medical expenses,

4

authority is distinguishable from the instant case.

Because the Court finds that an award of prejudgment interest in this case would not be compensatory, it need not proceed to the second part of the analysis to determine whether the equities would preclude such an award. *See Caldwell*, 287 F.3d at 1286.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's request for prejudgment interest is DENIED. Judgment shall enter in favor of Plaintiff in the amount of $2,200,000.00 with applicable post-judgment interest as permitted by law.

Dated this 23rd day of April, 2015.

BY THE COURT:

William J. Martínez
United States District Judge

---

holding that such an award "'was proper under Alaska law.'" (ECF No. 360 at 5–6 (quoting *Carlton v. H.C. Price Co.*, 640 F.2d 573, 577 (5th Cir. 1981)).) This citation is neither on point, as no state law is at issue here, nor does it square with the Tenth Circuit's holding that prejudgment interest is calculated by the date of monetary injury. *See Reed*, 438 F.3d at 1066. Accordingly, the Court will not apply *Carlton* here.