IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 09-cv-00858-WJM-MEH

EBONIE S., a child, by her mother and next friend, MARY S.,

   Plaintiff,

v.

PUEBLO SCHOOL DISTRICT 60,

   Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT**

---

Plaintiff Ebonie S. ("Plaintiff"), by her mother and next friend, Mary S., brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 794 *et seq.*, against Defendant Pueblo School District 60 ("Defendant"), arising out of Defendant's use of a restraint desk on Plaintiff at school. (ECF No. 267 at 4–8.) A jury trial commenced on March 16, 2015, and a verdict was reached on March 24, 2015. (ECF No. 354.) The jury found in favor of Plaintiff and awarded her damages in the amount of $2,200,000. (*Id.*) Final Judgment was entered on April 24, 2015 in the same amount, with post-judgment interest accruing at the rate of 0.23%. (ECF No. 365.) On May 8, 2015, Plaintiff filed a Motion for Attorneys' Fees, which remains pending. (ECF No. 367.) On May 26, 2015, Defendant filed a Notice of Appeal. (ECF No. 371.)

This matter is before the Court on Defendant's Motion to Stay Execution of the

Judgment ("Motion"), filed on June 16, 2015. (ECF No. 393.) For the reasons set forth below, Defendant's request for a stay of execution of the judgment pending appeal is granted, and its request for a waiver of the supersedeas bond is denied.

## I. DISCUSSION

Defendant's request for a stay pending appeal is unopposed, but Plaintiff opposes Defendant's request for a waiver of the supersedeas bond. (ECF No. 393 at 1.) In citing Federal Rule of Civil Procedure 62(d), Defendant concedes that Rule 62(d) presumes that a stay of execution of the judgment is obtained by posting a supersedeas bond. (*Id.* at 1–2.)

Rule 62(d) provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "[T]he rationale for requiring a bond pending appeal . . . is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("the purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution"). Rule 62(d) does not provide for any waiver of the bond requirement, and the Tenth Circuit has held that "a full supersedeas bond should be the requirement in normal circumstances." *Id.*; *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor.").

Generally, the bonded amount equals the full amount of the judgment. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996). The Court has discretionary authority to set the amount of the bond in order to ensure that judgment creditors are protected and judgment debtors are not irreparably injured. *Miami Int'l Realty*, 807 F.2d at 874 (approving a reduced supersedeas bond based on appellant's lack of sufficient assets to post bond in the full amount of the judgment and danger that execution of judgment would cause appellant irreparable harm and risk his insolvency).

In its discretion, the Court may reduce or waive the bond requirement, and some courts have imposed additional requirements, such as the debtor "propos[ing] a plan that will provide adequate (or as adequate as possible) security for the appellee." *Id.* at 873–74 (internal quotation marks omitted); *see also, e.g.*, *Pruett v. Skouteris*, 2011 WL 282435, at *7 (W.D. Tenn. Jan. 6, 2011) ("Although a court may forego the requirement of a bond in certain circumstances, there is a presumption in favor of requiring a bond, and the party seeking to dispense with the requirement bears the burden of showing why a bond should not be required.").

The Court considers several factors in determining whether to waive the supersedeas bond requirement:  (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the Court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is "so plain that the cost of a bond would be a waste of money," and (5) whether the appellant is in such a precarious financial situation that the requirement to post a bond would place its other creditors at

risk. *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988) (waiving bond requirement because City demonstrated the existence of previously appropriated and available funds for the purpose of paying judgments without substantial delay or other difficulty).

Here, Defendant argues that the supersedeas bond requirement should be waived entirely because Defendant has established a fund for "Pending Litigation" which will remain available during the pendency of the appeal, and which includes a $3,400,000 reserve. (ECF No. 393 at 4.) Defendant also has additional funds in its budget that it may be able to use should the reserve fund prove insufficient, and it also has statutory authority to levy a tax to pay any such judgment. (*Id.* at 4–6.) Defendant expects that collection from the reserve fund would be simple and expeditious. (*Id.* at 5.) Nevertheless, Defendant contends, requiring a bond will impose a financial hardship which will negatively impact its ability to provide educational services, as it has already been financially impacted by having to place funds in reserve. (*Id.* at 5.)

The Court has considered the relevant factors, and finds that Defendant has failed to show good cause to waive the bond requirement. Defendant's proposal contains too many contingencies to serve as sufficient security. The reserve fund is not dedicated to this judgment specifically but apparently to "Pending Litigation" in general, and is subject to annual budgetary approval. Moreover, Defendant's backstop proposals to use general budget funds or levy a tax would undoubtedly complicate and protract the collection process. Thus, Defendant has not given the Court a high level of confidence that the funds will be available following appeal. Furthermore, Defendant has not shown that the hardship it faces is any greater than any other judgment debtor.

Accordingly, the Court finds that Defendant has failed to show that its proposal provides adequate security for Plaintiff, or that posting a full bond is impossible or impractical. *See Miami Int'l Realty*, 807 F.2d at 873–74. The Court concludes that waiving the bond requirement is inappropriate here.

In the alternative, Defendant requests that the Court reduce the amount of the bond it must post, arguing that a bond for 125% of the final judgment ($2,750,000) would cost $41,250, which cost would be better utilized for educational resources. (ECF No. 393 at 6–7.) Instead, Defendant proposes that it post a bond for 10% of the final judgment ($220,000), as such amount would "fulfill the purpose of a supersedeas bond to secure an appellee from loss resulting from a stay of execution . . . ." (*Id.* at 7.) But Defendant has not explained how a bond in the amount of 10% of the judgment would provide Plaintiff with security from loss of the other 90%. The Court concludes that, failing to present adequate justification for a reduced bond, Defendant must post a supersedeas bond securing an amount of $2,200,000, the full amount of the judgment, in order to obtain a stay of execution in accordance with Rule 62(d).[1]

---

[1] The Court notes that appellants seeking a stay of execution are often required to post a supersedeas bond to include the amount of attorneys' fees and costs due, as well as projected interest that will accrue on the judgment during appeal. *See, e.g., United States ex rel. Sun Const. Co. v. Torix Gen. Contractors, LLC*, 2011 WL 2182897, at *3 (D. Colo. June 6, 2011) (including in supersedeas bond amount pre- and post-judgment interest, costs, an approximated amount of attorneys' fees, and projected appellate costs); *Sierra Club v. El Paso Gold Mines, Inc.*, 2003 WL 25265871, at *12 (D. Colo. Apr. 21, 2003) (requiring supersedeas bond to include amount of costs and deferring ruling on fees pending motion by appellant to stay award of fees). In this case, however, these amounts remain uncertain; Plaintiff has challenged the costs taxed (ECF No. 387), and her Motion for Attorneys' Fees (ECF No. 367) remains pending. Furthermore, in Plaintiff's Response, she has not argued to require a bond greater than the full amount of the judgment. (*See* ECF No. 396 at 7–8.) Accordingly, at this time the Court will require only that the bond be in the amount of $2,200,000, finding that this amount affords Plaintiff adequate security.

## II.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant's Motion to Stay Execution of Judgment (ECF No. 393) is GRANTED IN PART and DENIED IN PART;

2. Execution of the Final Judgment in this case shall be STAYED upon Defendant's delivery to the Clerk of Court, and the Clerk's approval of, a bond in the amount of $2,200,000.

Dated this 14th day of July, 2015.

BY THE COURT:

William J. Martínez
United States District Judge